ROBIE & WIFE *v.* FLANDERS.

The statute of limitations begins to run against a widow's claim of dower from the time when her right accrues to a writ of dower, after demand, and not from the time when she became entitled to dower upon the death of her husband.

If a widow sell her right of dower before assignment, the purchaser, having a power of attorney from her for that purpose, may maintain a writ of dower in her name.

WRIT OF DOWER, dated March 31, 1854. The defendant was summoned to answer to Henry Robie and Sallie Robie his wife, who was the wife of Benjamin Baker, deceased, in a plea of dower, wherein they demand the third part of a messuage in Manchester, as the dower of Sally Robie of the endowment of the said Baker. The writ sets out the seizin of Baker during the coverture, the death of Baker, and demand, after his death,

on the defendant, and more than one month before the date of the writ.

The defendant moved the court of common pleas that one Robert Baker be ordered to give security for costs, on the ground that he was the party in interest, and that the plaintiffs on the record were poor. The plaintiffs not objecting nor disputing the facts, as alleged by the defendant, the motion was granted, and Robert Baker furnished security accordingly. No evidence was then introduced to show what his interest was.

Upon trial the defendant moved the court to order a nonsuit, on the ground that the action could not be maintained in the name of Robie and wife. The plaintiffs then introduced a power-of-attorney from the plaintiffs to Robert Baker, empowering him, in the name of the plaintiffs, but for his own use and benefit, to demand and receive assignment of dower in the premises, and, in case dower should not be assigned on demand, to commence and prosecute any action or actions which he might deem advisable, in the name of the plaintiffs, and to compromise and settle their claims, and give all necessary releases, and also to sell and assign the dower in the premises when received, and execute deeds, &c.

The defendant renewed his motion for a nonsuit, which was refused, to which the defendant excepted.

The defendant pleaded that " the said Sally Robie ought not to have her dower of the third part of the said premises, &c., because he says the right of the said Sally Robie to dower in the said land, with the appurtenances, did not accrue at any time to her, if at all, within twenty years next before the said demandants or either of them made any claim or demand of dower in the premises, or at any time within twenty years next before the commencement of this suit." To this plea there was a general demurrer, which the court allowed, and the defendant excepted. There were four other pleas on which issues were joined, and all found by the jury for the plaintiffs.

The following facts were found by the jury, or admitted.

1. Benjamin Baker was duly seized of the premises during

the coverture of the said Sally Robie with him, from March 19, 1825, to August 31, 1826.

2. Benjamin Baker died February 1, 1831.

3. No demand of dower upon the tenant was made by the plaintiffs, or either of them, till October 12, 1853.

*Foster & Ayer*, for the defendant.

The demandants had no right, title or interest whatever in the premises demanded at the time of the demand, or at the date of their writ, as appears by their deed, a copy of which makes a part of the case.

The decision in the case of *Barnard* v. *Edwards*, 4 N. H. 107, is founded on the statutes of June 19, 1805, Laws of 1815, 169, which is essentially different from sec. 1, chap. 192, Compiled Statutes, 460.

It is true a demand must be made before the person entitled to dower can sue ; chap. 218, sec. 2, Comp. Stat. ; but the demand and suit together constitute the " action," mentioned in sec. 1, chap. 192. The demandants, for more than twenty-two years after the right first accrued, wholly neglected either to demand or sue. They brought no " action" for more than twenty-two years after the right first accrued.

*D. & D. J. Clark*, for the demandants.

I. The refusal of the court to order a nonsuit was right. The action was rightfully in the name of these plaintiffs. The " deed" referred to was a power-of-attorney. The demandants might well give such a power and make it irrevocable.

In *Jackson* v. *Vanderheyden*, 17 Johns. 167, it is said, " the right of dower is in action only, and cannot be so aliened as to enable the grantee to bring an action in his name." The same doctrine was held in *Cox* v. *Jagger*, 2 Cow. 658 ; *Shield* v. *Batts*, 4 J. J. Marsh 13. See also *Croade* v. *Ingraham*, 13 Pick. 33.

II. The defendant's plea of the statute of limitations, if well pleaded, is bad, and the demurrer is well taken. The statute

does not apply to actions for dower. *Barnard* v. *Edwards*, 4 N. H. 107 ; *Parker* v. *Obear*, 7 Met. 24.

The defendant contends that the decision in *Barnard* v. *Edwards* was made under the statute of 1805, and that the present statute is different. But it is contended by the plaintiffs that the principle on which that decision was made, applies equally to the present statute. Our present statute is very similar to the Massachusetts statute, and under that the decision was made in *Parker* v. *Obear*, 7 Met. 24.

The reasons adduced for the decision in the 4 N. H. 107, all equally apply to our present statute.

The plea is bad also in another particular. It does not follow the statute on which it is apparently founded. (N. H. Comp. Stat. 460, chap. 192, sec. 1.) It alleges that the "right of the said Sally Robie to dower did not accrue," &c. It should have alleged that "the right of the said demandants to commence this action did not first accrue," &c. The right to dower is one thing — the right to commence an action for it is another.

A widow may be said to have a right of dower in the lands of which her husband was seized during coverture, upon the death of her husband. Then her right accrues. But she cannot commence an action to recover it until one month after demand. Sec. 2, chap. 218, Comp. Stat. In sec. 1, chap. 218, p. 521, Comp. Stat., it is said, " if dower is not assigned to any woman entitled thereto," &c., " she may sue ;" but she cannot commence an action until one month after a demand. The seizin of her husband during coverture, and his death, " entitles" her to dower, but there must be a demand, and neglect of one month to set it out, to entitle her to commence an action. So the right to dower and right to commence an action are different things.

And if the statute of limitation applies to dower, under our present statute, as the defendant contends, it does not begin to run until the right to commence an action is perfected — to wit : until demand and neglect of one month to set out the dower ; and although the right of the said Sally to dower in the premises did not accrue within twenty years, &c., yet the right to com-

mence an action did — to wit : one month after the demand, which the case finds was on the 12th of October, 1853.

PERLEY, C. J.  By the statute of June 19, 1805, it was provided that no person or persons should make any entry into land, or should sue or maintain any action for the recovery of any lands or tenements, unless such person or persons, or those under whom they claimed, had been seized within twenty years. *Moor* v. *Frost*, 3 N. H. 126 ; *Barnard* v. *Edwards*, 4 N. H. 107.  In the Revised Statutes the limitation of real actions is in the following terms :  " No action for the recovery of any real estate shall be maintained unless such action is brought within twenty years after the right first accrued to the plaintiff, or to the person under whom he claims, to commence an action for the recovery thereof."

The ground taken by the defendant is that this limitation applies to the writ of dower, and begins to run from the time when the widow's right to dower accrues on the death of her husband, and not from the time when by our statute she is entitled to commence a suit after the expiration of one month from her demand of dower.  But we think there was no intention on the general revision of the statutes to make such a change in the law, but merely to reënact the former limitation in briefer and simpler terms.  The former statute required the demandant to show that he had been seized within twenty years next before the commencement of his action.  But where an action was brought to recover land of which the plaintiff had been wrongfully dispossessed, his seizin would, in contemplation of law, continue down to the time of the wrong which he complained of, and which gave him his cause of action.  His seizin would end at the same time when his action accrued, and under the former statute the plaintiff was required to bring his action within twenty years after it accrued.  The substance therefore of the two statutes is in reality exactly the same, although the phraseology is somewhat changed.  By both limitations the plaintiff is required to bring his suit within twenty years next after his right of action ac-

crues, and by both his action is barred if for twenty years he acquiesces in a wrongful dispossession of his land.

Besides, by the Revised Statutes the suit is to be brought within twenty years after the right accrues to commence an action, and not within twenty years after the right or title in the land accrues. No right of commencing an action has accrued to the widow, and she has suffered no wrong until the tenant has neglected to assign dower for one month after she has demanded it. This plaintiff's right to commence an action did not accrue on the death of her husband, but upon the expiration of one month from her demand of dower. We think, therefore, that the plea stated in the case is bad, and that the demurrer to it was properly allowed.

Before assignment the widow's right to dower is not regarded as an article which she can convey. The writ of dower must be in her name, and cannot be maintained in the name of an assignee or purchaser. There is no ground to hold that her right to dower would be forfeited by an attempt to sell and convey. The party who takes a conveyance of the right of dower would have an equitable interest, and in this case he has an express authority from the widow to prosecute the suit in her name. It could not be prosecuted in any other, and we think the suit might be carried on by the assignee in the name of the widow, though according to his contract with her the recovery might be for his benefit. *Powell* v. *Powell,* 10 Ala. 900.

The motion to dismiss the suit was therefore properly denied.

*Judgment for the plaintiffs.*